IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TONY SMITH,<br>*Plaintiff* | § § § § | |
| v. | § § | Civil Action No. A 90 CA 620 SS |
| HUBERT ARTURO "ART" ACEVEDO,<br>*In his official capacity as Chief of Police*<br>*of the City of Austin and in his personal*<br>*capacity,*<br>MIKE CRONIG,<br>*In his official capacity as Assistant City*<br>*Attorney of the City of Austin and in his*<br>*personal capacity,*<br>CITY OF AUSTIN,<br>*Defendants* . | § § § § § § § § § § § § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW TONY SMITH ("Smith"), and files this, his First Amended

Complaint, and shows this honorable Court as follows:

## PRELIMINARY STATEMENT

1.01   This suit is brought pursuant to the firing of Plaintiff by Defendant Hubert

Arturo "Art" Acevedo ("Acevedo") for critical comments allegedly made by

Plaintiff about Defendant's conduct of official business in his capacity as

Police Chief of the City of Austin.   In the process of firing Plaintiff,

Acevedo and co-Defendant Assistant City Attorney Mike Cronig ("Cronig")

made false and defamatory comments about Plaintiff, injuring Plaintiff's reputation and causing serious and possibly irreparable harm to Plaintiff's career in law enforcement.

## I. Parties

2.01.   Plaintiff, Tony Smith, is an individual citizen of the State of Texas, and formerly a police officer for the City of Austin.  Plaintiff was an APD officer at all times relevant to this lawsuit.

2.02.   Defendant, Hubert Arturo Acevedo, Chief of Police of the City of Austin Police Department since July 2007, an individual and a citizen of the State of Texas, may be served with process at Austin Police Department Headquarters, at 715 E. 8th St., Austin, Texas 78701.

2.03.   Defendant, Mike Cronig, assistant City Attorney of the City of Austin, an individual and a citizen of the State of Texas, may be served with process at 301 W. 2nd St., Second Floor, Austin, Texas 78701.  Cronig was Assistant City Attorney at all times relevant to this lawsuit.

2.04.   Defendant, City of Austin, a municipal corporation, may be served by serving the City Clerk of the City of Austin, Shirley A. Gentry, CMC, at 301 W. 2nd St., Second Floor, Austin, Texas 78701.

## II. JURISDICTION

3.01    This Court has jurisdiction to adjudicate this dispute pursuant to 28 U.S.C.

§§ 1331 and 1343 and pursuant to the Federal Declaratory Judgment Act, 28

U.S.C. §§2201, *et seq*., and this Court possesses supplemental jurisdiction

pursuant to 28 U.S.C. §1367 over Plaintiff's state law claims of slander and

defamation *per se,* and civil conspiracy against defendants Acevedo and

Cronig, because Plaintiff's claims are so related to the claims within the

court's original jurisdiction that they form part of the same case or

controversy.

## III. VENUE

4.01    Venue is proper before this Court because the acts of Defendants here

complained of all took place in Austin, Texas, and Austin, Texas is the

primary place where Defendants' business is conducted.

## IV. CONDITIONS PRECEDENT

5.01.    All conditions precedent have been performed or have occurred.

## V. FACTS

6.01    On September 10, 2008, defendant Acevedo in conjunction with defendant

Cronig willfully and deliberately wrongfully terminated Plaintiff, Tony

Smith because Plaintiff made comments critical of Chief Acevedo's action

in indefinitely suspending a fellow officer.  Acevedo and Cronig were at that

time employees of the City of Austin and were acting within the course and scope of their office or employment, though some of their statements and actions were beyond the scope of their official capacity.

6.02   Defendants have willfully and deliberately punished Plaintiff for the exercise of his First Amendment rights, specifically for criticism of official action by Chief Acevedo.

6.03   Acevedo willfully and deliberately terminated Plaintiff for his critical verbal comments and posting of someone else's critical commentary on a physical cork bulletin board.  Acevedo's letter terminating Plaintiff, drafted by co-defendant Cronig, falsely claimed that Plaintiff "violated several provisions of the Texas Penal Code, including criminal conspiracy and money laundering, to wit, he gave [a woman] advice to obtain a receipt for cleaning services as a way of hiding the fact that she purchased drugs." Cronig and Acevedo willfully and deliberately included false statements in that termination letter specifically for the purpose of harming Plaintiff, injuring his reputation, and ending his career as a police officer.

## VI. CAUSES OF ACTION

A. Violation of 42 U.S.C. §1983

7.01   The facts set forth in paragraphs 6.01 through 6.03 are included herein by reference.  Under color of state law, defendants Acevedo and

Cronig, have deprived and continue to deprive Plaintiff of his liberty and property rights, including but not limited to his property interest in his reputation and his liberty interest in free speech and freedom of press used for the purpose of highlighting issues of public concern, including possible malfeasance by high public officials and excessive, capricious and inappropriate discipline of police officers which might have an adverse effect on public safety.

7.02     Defendant Acevedo acted under color of the laws and regulations of the State of Texas and the City of Austin when he terminated Plaintiff. By policy and custom enforced by actions such as the firing of Plaintiff for making comments mildly critical of defendant Acevedo, the municipality discouraged employees from publicly discussing any matter that would cast the municipality in a negative light; this was accomplished by taking or threatening to take adverse employment action.  In fact, the Austin Police Department maintains a general order precisely to that effect, and the violation of general orders is grounds for discipline, up to and including termination.  This general order prohibiting criticism of the department constitutes prior restraint on the exercise of First Amendment protected Free Speech.  Such prior restraint is in violation of the First Amendment.  The exercise of

these established policies and customs resulted in the violation of Plaintiff's right of free speech.

## B.  Count 2 – Violation of Constitutional Rights

7. 06.   The facts set forth in paragraphs 6.01 through 6.03 and 7.01 through 7.05 are included herein by reference.   Plaintiff's actions and statements involved a matter of political, social, or other concern and are constitutionally protected under the First Amendment.   Furthermore, Plaintiff's interest in his actions and statements outweighs any interest of City of Austin in promoting the efficient operation and administration of government services.   In fact, as the actions and statements specifically involve the efficient operations and administration of government operations, his actions and statements serve to promote the City's legitimate interest in efficient and lawful delivery of law enforcement services.

7. 07.   Plaintiff's speech was a substantial and motivating factor in Defendants' decision to terminate Plaintiff.  Defendants acted intentionally to chill Plaintiff's speech, discredit him by damaging his reputation, and punish him for exercising his free-speech rights.

C.  Count 3 - Slander per se, defamation per se, libel per se

7. 08.      The facts set forth in paragraphs 6.01 through 6.03 and 7.01 through

7.07 are included herein by reference.  These facts constitute Slander *per*

*se*, defamation *per se*, and libel *per se*.  Since the documents remain

accessible to the public today, the libel is a continuing tort.  Defendants

have alleged that Plaintiff, a police officer, is guilty of criminal conspiracy

and money laundering.  The effect of these false and malicious charges is

to destroy Plaintiff's career as a police officer, in Austin or anywhere else.

Plaintiff, a decorated and commended officer, has had his chosen career

destroyed and his employment opportunities destroyed.  The police chief

and an assistant city attorney have deliberately and maliciously conspired

to spread false information about the Plaintiff in order to retaliate for

Plaintiff's mild criticism of defendant Acevedo.

D. Count 4—Civil Conspiracy

7. 09. The actions of the Defendants set forth in paragraphs 6.01 through 6.03 and

7.01 through 7.08 constitute Civil Conspiracy to commit Slander.

## VII.  Compliance with Notice Provisions

8.01.  Plaintiff timely presented his claim to Defendants as required by applicable

state law.

### VIII.  Declaratory Judgment, Temporary and Permanent Injunctions,
### Attorney's Fees and Costs.

## Declaratory Judgment

9.01      Plaintiff seeks a declaration of the law regarding the contract between

the City of Austin and the Austin Police Association, specifically that

General Order G.O,A201.04.G.2, implemented under that contract and the

ordinances of the City of Austin, to the extent that it creates a prior restraint

on the exercise of First Amendment protected free speech right is in

violation of the First Amendment.

## Temporary and Permanent Injunctions

9.02      Plaintiff seeks a temporary injunction against the Defendants ordering

them to cease slandering, libeling and defaming Plaintiff and ordering

Defendants to issue a retraction of the false claim that Plaintiff is guilty of

money laundering and civil conspiracy and a permanent injunction against

Defendants to the same effect.   Plaintiff seeks a permanent injunction

against Defendants ordering that they reinstate Plaintiff, or, alternatively,

that they change personnel records relating to him to indicate voluntary

honorable mutually agreeable departure from the department.

<u>Attorney's Fees and Costs</u>

9.03        Plaintiff seeks the recovery of attorney's fees incurred in the pursuit of this action pursuant to 42 U.S.C. §1988(b) and expert fees pursuant to 42 U.S.C. §1988(c).

9.04        Plaintiff also seeks recovery of their expenses and costs of court pursuant to 28 U.S.C. §1920.

9.05        It was necessary for Plaintiff to hire the undersigned attorneys to file this lawsuit.    Upon judgment, Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. §1988(b).

IX.  Damages

10.1.  As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages:

a.   Lost earnings in the amount of $480,000.

b.   Loss of earning capacity in the amount of $480,000.

c.   Requirement for education and retraining now that Plaintiff's chosen career is forever closed to him due to Defendant's actions, $125,000.

d.   Damage to reputation in the past and future.

e.   Mental anguish in the past and future.

f.   Loss of pension or retirement benefits in the amount of $43,200.

<u>PRAYER</u>

11.01    WHEREFORE PREMISES CONSIDERED Plaintiff prays the Court declare that General Order G.O,A201.04.G.2, implemented under that contract and the ordinances of the City of Austin, to the extent that it creates a prior restraint on the exercise of First Amendment protected free speech right is in violation of the First Amendment, issue temporary and permanent injunctions requiring Defendants to cease slandering Plaintiff and issue a retraction of the false claim that Plaintiff is guilty of money laundering and civil conspiracy and a permanent injunction against Defendants to the same effect.  Plaintiff seeks a permanent injunction against Defendants ordering that they reinstate Plaintiff, or, alternatively, that they change personnel records relating to him to indicate voluntary honorable mutually agreeable departure from the department, and enjoining same Defendants from similarly slandering Plaintiff at any future time.

11.02    Plaintiff further prays this Court find that he was deprived of his liberty and property rights by Defendants under color of law, that Defendants violated 42 U.S.C. §1983, and, as a result of these findings, award attorney's fees, expert fees, and costs of court, and

grant such other and further relief, in law or in equity, which this honorable Court may find Plaintiff justly entitled.

11.03        Plaintiff asks for judgment against Defendant for the following:

        a.    Actual damages of $648,200.

        b.    Such damages for *per se* libel, defamation and slander as the court finds appropriate

        c.    Prejudgment and postjudgment interest.

        d.    Reasonable attorney fees.

        e.    Punitive damages

        f.    Costs of suit.

        g.    All other relief the court deems appropriate.

Respectfully Submitted,

SMITH & ROGERS, P.C.
P.O. Box 926
Austin, Texas  78767
Telephone:  512-923-6188
Facsimile:  512-252-7257
Email:          DARogers@aol.com

David Rogers
State Bar No. 24014089

By: William B. Gammon
William B. Gammon
Texas Bar No. 07611280
LAW OFFICE OF WILLIAM B. GAMMON
8304 Zyle Road

Austin, TX, 78737
Telephone: (512) 472-8909
Facsimilie: (512) 320-8854
Attorneys for Plaintiffs

## Certificate of Service

I hereby certify that I have served a true and correct copy of this request upon each attorney of record on this 21st day of October, 2009 via electronic filing in the ECF system, in accordance with the Federal Rules of Civil Procedure:

Christopher Coppola
Assistant City Attorney
City of Austin – Law Department
Post Office Box 1546
Austin, Texas 78767-1546
(512) 974-2458.

David Rogers
Texas Bar No. 24014089